UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO NAJERA SALGADO, | No. 1:26-cv-03406-DC-CSK (HC) |
| Petitioner, | |
| v. | ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND MOTION FOR TEMPORARY RESTRAINING ORDER |
| WARDEN, CALIFORNIA CITY CORRECTION CENTER, et al., | |
| Respondents. | (Doc. No. 1) |

Before the court is Petitioner's omnibus petition for writ of habeas corpus and motion for a temporary restraining order brought under 28 U.S.C. § 2241, challenging his ongoing immigration detention. (Doc. No. 1.)

This court has previously addressed the legal issues raised by the petition. (Doc. No. 1.) Specifically, this court has found that a noncitizen who has lived in the United States for an extended period of time without having been admitted is subject to discretionary detention during removal proceedings pursuant to 8 U.S.C. § 1226(a) and is entitled to a pre-deprivation bond hearing under that section. *See Alvarez Maciel v. Noem*, No. 1:26-cv-01318-DC-CKD, 2026 WL 496948 (E.D. Cal. Feb. 23, 2026) (granting injunctive relief of immediate release for noncitizen who was detained by U.S. immigration authorities after living in the United States for over twenty years); *Acevedo Duran v. Albarran*, No. 1:26-cv-01108-DC-CSK, Doc. No. 11 (E.D. Cal. Feb.

1

26, 2026) (same as to noncitizen who had lived in United States for approximately 2–3 years); *Barajas Ortiz v. Chestnut*, No. 1:26-cv-01167-DC-SCR, 2026 WL 508419 (E.D. Cal. Feb. 24, 2026) (same as to noncitizen who had lived in United States for over 30 years); *Zuniga Cruz v. Noem*, No. 1:26-cv-01818-DC-EFB, 2026 WL 890471 (E.D. Cal. Mar. 31, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's Immigration and Nationality Act claim where the petitioner lived in the United States for eight years before his detention); *Mendez Juarez v. Warden, Mesa Verde Detention Center*, No. 1:26-cv-02045-DC-CSK, Doc. Nos. 1, 14 (same as to noncitizen who lived in United Stats for approximately four years); *Calle-Brito v. Santacruz*, No. 1:26-cv-02355-DC-CSK, Doc. Nos. 1, 14 (same as to noncitizen who resided in United States for approximately 3.5 years); *Jimenez Orellana v. Johnson*, 1:26-cv-02960-DJC-SCR, Doc. Nos. 1, 9 (E.D. Cal. Apr. 27, 2026) (same as to noncitizen who resided in United States for approximately 1–2 years); *Rauda Molina v. Chestnut*, 1:26-cv-01644-DJC-JDP, Doc. Nos. 1, 10 (E.D. Cal. Mar. 6, 2026) (same as to noncitizen who resided in United States for approximately two years).

On May 7, 2026, the court issued an order informing the parties that it was considering ruling directly on the petition and asking both parties whether they oppose simultaneous resolution of the motion for temporary restraining order and habeas petition. (Doc. No. 5.) The court also directed Respondents to address whether there are any factual or legal issues in this case that materially distinguish it from this court's prior orders in *Alvarez Maciel* and *Barajas Ortiz*. (*Id.*)

On May 11, 2026, Respondents filed their opposition to Petitioner's motion for a temporary restraining order in which they oppose Petitioner's motion on the same legal grounds as those addressed by the court in *Alvarez Maciel* and *Barajas Ortiz*. (Doc. No. 7.) However, Respondents factually distinguish Petitioner's claim from the aforementioned cases by emphasizing that "it was Petitioner's encounter with law enforcement that led to Petitioner's detention." (*Id.* at 1.) Respondents attach Petitioner's FBI RAP sheet showing multiple arrests including, most recently, an April 10, 2026 arrest for operating a vehicle without insurance. (Doc. No. 7-2.) That case is still pending. (*Id.*) Respondents assert that Petitioner's release was

terminated because of this arrest. (*Id.* at 3.) Respondents do not oppose the court ruling on the merits of the petition at this juncture. (*Id.* at 1.) On May 22, 2026, Petitioner filed a reply in which he also does not oppose the court ruling directly on the petition. (Doc. No. 8.)

Because Respondents have not made any new legal arguments or identified any legal issues in this case that would distinguish it from the court's aforementioned prior decisions, the court will grant Petitioner's petition for writ of habeas corpus and motion for a temporary restraining order for the reasons set forth in the court's order in *Zuniga Cruz*. However, unlike the petitioner in *Zuniga Cruz* who had no criminal record, Petitioner here was arrested immediately following his arrest for operating a vehicle without insurance, and charges relating to that arrest remain pending. (Doc. No. 7-2.) This court has previously found that where the government asserts a non-pretextual basis to detain a noncitizen who has not previously been released from immigration custody pending removal proceedings, the proper remedy for the government's failure to provide the petitioner with a bond hearing is a post-deprivation bond hearing, not immediate release. *Chateauneuf v. Chestnut*, No. 1:26-cv-01073-DC-JDP, 2026 WL 523695, at *4 (E.D. Cal. Feb. 25, 2026) ("[W]here the government adequately alleges that a changed circumstance warrants a petitioner's immigration detention, the proper remedy for a failure to provide a bond hearing is a post-deprivation bond hearing, not immediate release.").

Accordingly,

1.    Petitioner's petition for a writ of habeas corpus and motion for a temporary restraining order (Doc. No. 1) are GRANTED as follows:

      a.    Within fourteen (14) days, Respondents are ORDERED to provide Petitioner Eduardo Najera Salgado (A-222-557-003) a bond hearing before an immigration judge pursuant to 8 C.F.R. § 1236.1(c)(8) at which Petitioner shall bear the burden of showing that he is not a flight risk or a risk to community safety; and

      b.    If Respondents fail to provide Petitioner a bond hearing within fourteen (14) days, Petitioner shall be immediately released from Respondents' custody;

3

2.     The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

3.     The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated:   **June 4, 2026**                                                             

Dena Coggins
United States District Judge

4